The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties of their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and in a Pre-Trial Agreement dated 25 February 1994 and 28 February 1994, respectively, as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant is self insured; Consolidated Administrators is the adjusting agent.
4. Plaintiff was employed by defendant-employer for a period of seven or eight years.
5. Plaintiff's average weekly wage may be determined from an Industrial Commission Form 22 Wage Chart, received 21 April 1994.
6. A report from Dr. R. M. Jordan or Raeford-Hoke Family Care, consisting of two pages, marked as Plaintiff's Exhibit 1, is stipulated into evidence.
7. A report from Carolina CT Associated, Inc., dated 6 July 1993, consisting of one page and marked as Plaintiff's Exhibit 2, is stipulated into evidence.
8. The letter and office notes from Dr. Bruce Jaufmann of Keranen Wadon, M.D., P.A., from July to November, 1993 consisting of six pages, marked as Plaintiff's Exhibit 3, is stipulated into evidence.
9. A report from Fayetteville Diagnostic Center dated 20 July 1993, consisting of two pages, marked as Plaintiff's Exhibit 4, is stipulated into evidence.
10. The work release notes from Dr. Riley M. Jordan and Dr. Bruce Jaufmann, from 8 July 1993 through 5 November 1993, consisting of four pages, marked as Plaintiff's Exhibit 5, are stipulated into evidence.
*************
RULING ON EVIDENTIARY MATTERS
The objections contained within the deposition of Bruce P. Jaufmann, M.D., are OVERRULED.
*************
Based upon the competent evidence adduced from the record, the Full Commission makes the following additional:
FINDINGS OF FACT
1. At the time of the hearing of the above-captioned matter, plaintiff was a 50-year-old man with a tenth grade education.
2. On 8 February 1993, while in the course of his employment with defendant-employer, plaintiff and a co-worker were working on a scaffold. At that time, the floorboard broke, causing both to fall to the ground, a distance of three feet. As a result, plaintiff landed on his left arm, shoulder and head. Plaintiff's co-worker fell diagonally across and on top of plaintiff.
3. As a result of this incident, plaintiff was not rendered unconscious, but experienced a headache. Plaintiff continued to work that day and for the next seven days. Subsequently, on 16 February 1993, plaintiff reported to Dr. Drake that he had left arm and shoulder pain with a headache as a result of the fall which occurred eight days previously at work. Plaintiff was then taken out of work for three days, with a follow-up visit to Dr. Jaufmann on 20 February 1993. At that time, plaintiff complained of chest pain. Plaintiff's testimony that he reported back pain on both of his office visits is not accepted as credible. Plaintiff then returned to work.
4. Plaintiff continued working until early April. Plaintiff then left work for approximately a month, for personal reasons.
5. Plaintiff returned to work on 3 May 1993, and worked continuously until 6 July 1993. At that time, plaintiff returned to Dr. Jordan for an office visit, complaining of back pain as a result of his fall at work on 8 February 1993.
6. Plaintiff was then referred to Dr. Jaufmann for further examination. Dr. Jaufmann examined plaintiff on 20 July 1993.
7. Plaintiff has an old compression fracture and degenerative disc disease, with bulging at L3-4 and L4-5.
8. The problems which plaintiff has had with his back since July of 1993 are the result of a continuing, ongoing degenerative process. The problems which plaintiff has had with his back since July of 1993 are not the result of plaintiff's incident at work on 8 February 1993.
9. There is insufficient evidence of record from which to find by its greater weight that plaintiff sustained any permanent partial disability as a result of his incident on 8 February 1993.
*************
The foregoing findings of fact and conclusions of law engender the following additional:
CONCLUSIONS OF LAW
1. On 8 February 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. As a result of his injury by accident on 8 February 1993, plaintiff is entitled to payment of all medical expenses; however, plaintiff is not entitled to the payment of any medical expenses associated with his complaints of back pain which plaintiff experienced in July of 1993. G.S. § 97-25; G.S. § 97-2(19).
3. As a result of plaintiff's injury by accident on 8 February 1993, plaintiff is not entitled to temporary total disability compensation. G.S. § 97-29.
4. As a result of plaintiff's injury by accident on 8 February 1993, plaintiff is not entitled to permanent partial disability compensation. G.S. § 97-31.
*************
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. As a result of plaintiff's compensable injury on 8 February 1993, plaintiff is entitled to payment of all medical expenses when bills for the same shall have been submitted to the Self-Insured Administrator and have been processed in accordance with procedures of the Industrial Commission; however, plaintiff is not entitled to the payment of medical expenses associated with the complaints of pain which plaintiff experienced in his back in July 1993.
2. Defendants shall pay the costs.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
S/ _________________ COY M. VANCE COMMISSIONER